# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IKE ELIAS,<br><br>　　Plaintiff,<br><br>v.<br><br>SILVER STATE TRANSPORTATION, LLC., et al.,<br><br>　　Defendants. | Case No. 2:22-cv-00563-JAD-VCF<br><br>**ORDER** |

　　On June 21, 2022, the Court issued an order for Defendants and Defendants' counsel to show cause as to why sanctions should not be imposed on them for failing to comply with Court orders. Docket No. 20. Defendants and Mr. Palmer have responded to that order. Docket No. 21. For the reasons discussed more fully below, the Court hereby **SANCTIONS** Mr. Palmer and **RESCHEDULES** the Early Neutral Evaluation.

**I.　BACKGROUND**

　　On May 5, 2022, this Court issued an order setting an early neutral evaluation ("ENE") on June 23, 2022. Docket No. 12. In the order setting the ENE, the Court required that each party submit a confidential evaluation statement to the Court by 3:00 p.m. on June 16, 2022. *Id.* at 2-3. The Court warned that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**" *Id.* at 4 (emphasis in original). Defendants failed to submit their ENE statement by the Court's deadline and the Court therefore ordered Defendants to submit their statement by noon on June 21, 2022. Docket No. 19. The Court again warned that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS." *Id.* (emphasis in original). When Defendants failed to submit their statement by the extended deadline, the Court vacated the ENE and issued the instant order to show cause. Docket No. 20.

## II. STANDARDS

Litigants are required to follow Court orders. Federal Rule of Civil Procedure 16(f) provides that the Court may order any "just" sanctions, including those outlined in Federal Rule of Civil Procedure 37(b)((2)(A)(ii)-(vii), if a party or its attorney fails to obey a pretrial order or is substantially unprepared to participate in a pretrial conference. Violations of Federal Rule 16 are neither technical nor trivial. *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 6011, 603 (E.D. Cal. 1999). It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). As the Ninth Circuit has emphasized, a pretrial order "is not a frivolous piece of paper, idly entered, which can be disregarded . . . without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Litigants have an "unflagging duty to comply with clearly communicated case-management orders. . . ." *Martin Family Trust*, 186 F.R.D. at 604 (citations omitted). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when a party and/or its counsel disobeys a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Both courts and commentators agree that sanctions can be imposed for a party's or attorney's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *Harrel v. United States*, 117 F.R.D. 86, 88 (E.D.N.C. 1987); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction").

Federal Rule 16(f) applies to all pretrial orders, including court-mandated settlement conferences. *See, e.g.*, *Pittman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003), *amended on review on other grounds*, 2003 WL 23353478 (D. Ariz. 2003). Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences. *See, e.g.*, *Lucas Auto.*, 275 F.3d at 769; *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993); *Ayers*, 895 F.2d at 1270. *See also Wilson v. KRD Trucking W.*, 2013 WL 836995, at *5 (D. Nev. Mar. 6, 2013); *Weir v. Forman Auto. Grp.*, 2013 WL 756353, at *1

(D. Nev. Feb. 26, 2013).  Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney or party who . . . [f]ails to comply with any order of this Court."  LR IA 11-8.  Although not expressly enumerated, the imposition of a fine is also among the "just orders" authorized by Rule 16(f).  *See, e.g.*, *Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001).

### III.    ANALYSIS AND SANCTIONS

The order to show cause presently before the Court arises out of Defendants' and their attorney's failure to comply with two Court orders requiring them to submit an evaluation statement for an ENE.

In responding to the order to show cause, Mr. Palmer, Defendants' counsel, submits that he was wholly responsible for the failure to submit the ENE statement, causing the vacating of the ENE.  Docket No. 21 at 2.  Mr. Palmer submits that family obligations that started in March 2022, distracted him from meeting the Court's initial deadline for filing the statement.  *Id.*  He further submits that he failed to meet the Court's second deadline to submit the statement because he had technical problems that delayed his finishing the statement by the June 21, 2022 deadline.  *Id.*  Mr. Palmer submits that he submitted the ENE statement to the Court on June 28, 2022.  *Id.*  He asks the Court for leniency in sanctioning him and Defendants as the failure to abide by the Court's orders was unintentional and he will work to prevent this type of failure from happening in the future.  *Id.* at 3.

In responding to the order to show cause, Defendants submit that Mr. Palmer informed them that they needed to attend an ENE and, later, informed them that the ENE was canceled.  Defendants submit that the fault for failing to submit the statement in time was wholly that of Mr. Palmer and not them.  Docket Nos. 21-1, 21-2.  They submit that the statement was provided to the Court on June 28, 2022, and ask the Court to not impose sanctions on them and to reschedule the ENE.  *Id.*

ENEs provide an important vehicle for parties to attempt to resolve their dispute short of trial.  The Court expends significant time preparing for and conducting them and takes them very seriously.  However, ENEs are not meaningful if the Court does not have the information before

it to allow it to thoughtfully facilitate the ENE session.  This Court's orders were clear – each party had to submit a confidential statement providing its positions on- and assessment of- the case.  Plaintiff, who is litigating this matter *pro se*, was able to timely and properly comply with the Court's order.  Yet, Defendants failed to abide by two Court orders requiring them to submit their ENE statement and, instead, provided it to the Court nearly two weeks after it was due.

These failures resulted in the Court vacating the ENE.  While the Court has sympathy for Mr. Palmer's family obligations, bad faith is not required for the Court to find that sanctions under Rule 16(f) are warranted.  *See Ayers*, 895 F.2d at 1270; *Ford v. Alfaro*, 785 F.2d 835, 839-40 (9th Cir. 1986).  Mr. Palmer provides no reason for not requesting an extension of either Court deadline.  Moreover, Defendants' submission of an ENE statement twelve days after the original deadline and a week after the Court vacated the ENE based on their failure to submit a statement, does not demonstrate compliance with the Court's order.  The Court fails to see how this late submission could have helped it meaningfully facilitate an already-vacated ENE.

Having reviewed this matter, the Court finds that Mr. Palmer's explanation fails to justify his non-compliance with this Court's clear orders.  His failure to abide by the orders has both disrupted this Court's management of its docket and resulted in additional expense in the administration of this case.  *See Sanders v. Union Pacific R.R. Co.*, 154 F.3d 1037, 1041 (9th Cir. 1988).  Therefore, sanctions are appropriate as a means of deterring the neglect of Mr. Palmer's Rule 16 obligations.  The Court further finds that Defendants' explanations justify their non-compliance in this instance.  The Court **CAUTIONS** Defendants that parties can be responsible for attorney conduct, whether or not they were fully informed of counsel's actions at the time they were taken in front of the Court.  *See, e.g.*, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

The Court has broad discretion in fashioning appropriate sanctions for violation of a court order.  *See Wilson*, 2013 WL 836995 (citing *Official Airline Guides, Inc.*, 5 F.3d at 1396)).  In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively used by litigants willing to follow the Court's order.  *Martin Family Trust*,

4

186 F.R.D. at 603. Therefore, the Court also considers the resources wasted by the parties due to the violation of the Court's order. *See* Rule 16(f)(2). Given the circumstances provided to the Court, the Court will **SANCTION** Mr. Palmer with a Court fine in the amount of $500 and Plaintiff's costs, in the amount of $50. The Court **CAUTIONS** Mr. Palmer to adhere closely to Court scheduling orders moving forward and to transparently and fully inform his clients of their obligations to the Court.

### IV.   CONCLUSION

For the reasons discussed above, the Court hereby **SANCTIONS** Mr. Palmer a Court fine, in the amount of $500, payable to the "Clerk, U.S. District Court" and Plaintiff's costs, in the amount of $50, made no later than July 26, 2022. Mr. Palmer shall file proof of both payments no later than July 29, 2022. The order to show cause, Docket No. 20, is otherwise **DISCHARGED**.

Moreover, in order to provide all parties the opportunity to attempt to resolve this case short of trial, the Court hereby **RESCHEDULES** the ENE for **10:00 a.m. on August 8, 2022.** Any updated ENE statement must be submitted to the undersigned's box in the Clerk's office no later than **3:00 p.m. on August 1, 2022.** All other requirements set forth in the Court's order at Docket No. 12 continue to apply. FAILURE TO COMPLY WITH THIS ORDER OR THE COURT'S PRIOR ORDER RELATED TO THE EARLY NEUTRAL EVALUATION MAY RESULT IN THE IMPOSITION OF SANCTIONS.

IT IS SO ORDERED.

Dated: July 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

5